(9 Misc. Rep. 541.)

SANDHAM v. NYE et al.

(Circuit Court, Cayuga County. August, 1894.)

CONSTITUTIONAL LAW—LOCAL BILLS — RIGHT TO LAY RAILROAD TRACKS.
    Laws 1886, c. 163, providing for the consolidation of two street-railway companies in the city of Auburn, does not give the consolidated company the right to lay tracks in the streets, but only vests it with the legal capacity to exercise that right which had been theretofore granted to the consolidating companies, and therefore does not violate Const. art. 3, § 18, prohibiting a private or local bill granting to a corporation the right to lay down railroad tracks.

Action by William Sandham, as administrator, against George H. Nye and others, to recover damages for negligence alleged to have caused the death of plaintiff's intestate. Judgment for defendants.

Frank C. Cushing, for plaintiff.
Underwood & Storke, for defendants.

RUMSEY, J. The plaintiff's intestate was run over by a car upon a street railroad upon Owasco street, in the city of Auburn, and was killed. The track of the railroad was laid and the road was operated by the defendants, under the name of the Auburn City Railway Company. It is alleged in the complaint that the defendants assumed and pretended to act as the officers of this corporation, and as such constructed the railway, and laid down a track on Owasco street, and operated the said railroad by running its cars thereon. The complaint further alleges that the acts of the defendants in constructing and maintaining the road were done without any authority of law, and wrongfully and unlawfully, because the Auburn City Railway Company, of which they claimed to be the directors, and whose franchise to operate a road they pretended to control, was never in fact organized as a corporation, and for that reason there was no right or franchise under which the defendants might lawfully maintain and operate a street-railway company. For these reasons, it is claimed by the plaintiff that the defendants, and not the corporation known as the Auburn City Railway Company, are liable for the negligent killing of his intestate. It will be seen that the serious question in the case is whether the Auburn City Railway Company was organized under such circumstances that it became a legal corporation, with a franchise to operate a street railroad. If it did,

then, undoubtedly, it, and not the defendants, who are its directors, is liable for the killing of the plaintiff's intestate. The facts connected with the organization of this company are fully set out in the complaint. It appears that in the year 1871 there was organized by acts of the legislature a corporation known as the East Genesee Street & Seward Avenue Railway Company, to which corporation was given the right, upon certain conditions, to lay tracks and operate a street railway in the city of Auburn and adjoining towns, upon streets named in the act, one of which was Owasco street. It appears further that the common council of the city of Auburn, by resolution, authorized the East Genesee Street & Seward Avenue Railway Company to construct a railway through certain of the streets in the city, including Owasco street, and that, pursuant to that permission, a railway was constructed upon some of these streets, but not upon Owasco street. That company afterwards mortgaged its franchise and property, which mortgage was foreclosed in the year 1880, and the franchises and property were sold to certain persons, who organized a new company under the name of the East Genesee Street & Seward Avenue Railway. By virtue of that subsequent organization, the new corporation became the owner of all the franchises of the old East Genesee Street & Seward Avenue Railway Company, and operated its roads under these franchises until some time in the year 1886. It appears, further, by the complaint, that in the year 1886 there was existing in the city of Auburn another street-railway company, known as the Auburn & Owasco Lake Railway, which company owned and operated a street railroad in certain of the streets of Auburn which were not within the franchises of the East Genesee Street & Seward Avenue Railway. On the 21st day of April, 1886, the legislature passed chapter 163 of the Laws of that year, which was entitled "An act to authorize the consolidation of the East Genesee Street & Seward Avenue Railway and the Auburn & Owasco Lake Railway and to regulate the motor power on the consolidated railroad." This act provided substantially that it should be lawful for the East Genesee Street & Seward Avenue Railway to merge and consolidate its capital stock, franchises, and property with the capital stock, franchises, and property of the Auburn & Owasco Lake Railway, and it provided specifically the manner in which said consolidation might be made. In pursuance of the power granted by that act, the two corporations therein named entered into an agreement for their consolidation and the organization of a new company under the name of the Auburn City Railway Company; and, after that corporation was organized, it took possession of the property of the old companies, and proceeded to operate the railroads which those companies had operated. It also extended the tracks of those companies upon Owasco street, and operated a street railway upon that street to Owasco lake.

It is claimed by the plaintiff that the act (chapter 163 of the Laws of 1886) is unconstitutional; that for that reason there was no legal agreement for consolidation, and consequently no legal and valid organization of the new railway company; and, as a result,

that the defendants, claiming to act as officers of a railway company which had no existence, are personally liable for whatever was done in that behalf. It must be conceded that, if there were no legal authority for the consolidation of these two companies, the Auburn City Railway Company never acquired a legal existence. Latham v. Railroad Co., 38 Hun, 265. It must also be conceded, of course, that two railway corporations cannot consolidate without the authority of the legislature. Boone, Corp. § 186. The only authority under which this consolidation is asserted to have been made is that contained in the Laws of 1886, above referred to. It was suggested by the defendants' counsel that the consolidation might be deemed taken under the general act; but it is quite evident that it was not so taken, because the notice required by that act was not published, and the capital stock of the new company exceeded in a very large proportion the aggregate capital of the constituent companies. This last was in direct conflict with the provisions of the general act. The articles of agreement and consolidation which were filed for the purpose of the organization of the new corporation recite that it was done in pursuance of the authority contained in chapter 163 of the Laws of 1886. It must be assumed, therefore, that the consolidation was taken in pursuance of that act; and it necessarily follows, I think, that, if that act was not operative to permit such a consolidation, the Auburn City Railway Company was never legally organized.

The objection which is made by the plaintiff to the validity of that organization is based upon his claim that the law itself under which the organization purports to have been made is unconstitutional, because it violates that provision of section 18 of article 3 of the constitution, which forbids the legislature to pass a private or local bill granting to any corporation the right to lay down railroad tracks. That this is a local bill of course cannot be denied. The only question, therefore, is, can it be said to grant to the Auburn City Railway Company the right to lay down railroad tracks? It is conceded that, at the time of the passing of chapter 163 of the Laws of 1886, there were in existence in the city of Auburn two corporations actually engaged in operating street railroads, which were legally organized and had legally acquired the right to do the things which they were doing. Can it be said that this law which authorized the consolidation of these two corporations was in any sense the granting to the Auburn City Railway Company of the right to lay down railroad tracks? It must be remembered that the power of the legislature to create corporations by private and local act has never been limited by the constitution. That power exists as fully now as it ever did exist. Whatever limitations to legislative power are contained in the constitution must be strictly construed, and the exercise of any legislative power is presumed to be constitutional unless it is brought clearly within some of the restrictions. In re Gilbert El. Ry. Co., 70 N. Y. 361, 368. This act of the legislature, therefore, cannot be said to be beyond its power, unless there is clearly implied in it a grant of power to the new corporation to lay down

railroad tracks, because the constitutional clause was designed only to prohibit an original and independent grant of that right. Id. 369. It cannot be denied that when the legislature gave the power to these two companies to consolidate, and they did enter into the consolidation agreement, the existence of the two companies, which made the agreement was merged in the Auburn City Railway Company, and that company came into existence by virtue of the agreement for consolidation authorized by the law of 1886. People v. New York. C. & St. L. R. Co., 129 N. Y. 474, 29 N. E. 959. But the granting of the right to consolidate was not one of the things which is forbidden by the constitution. It may be conceded, that, as the effect of this act and the agreement made pursuant to it, the Auburn City Railway Company acquired a legal capacity to operate a street railroad, but it does not follow from that that it acquired the right to operate such a railroad. There is a clear distinction between that franchise which creates a corporation that has the power to own property and the franchise which authorizes the corporation thus organized to construct and operate a railroad. The first is the "personal franchise," so called, by virtue of which the corporation becomes a legal entity, and obtains the capacity to acquire property and other rights. The other franchise is purely and only a property franchise. Jones, Corp. § 672. It existed before this corporation, because then it was owned by the two contracting corporations which created the Auburn City Railway Company. If the Auburn City Railway Company should be dissolved, and the property be sold at auction for the benefit of its creditors and stockholders, the right to maintain and operate these railroads would still be a valuable right, which might be sold independent of the life of the original corporation. Such a franchise is attached, not to the right of the corporation to exist, but it is attached to and inseparable from the tracks of the railroad company. People v. O'Brien, 111 N. Y. 2, 18 N. E. 692. The fact that a street-railroad company is organized under the general act does not give it a franchise or a right to lay down and operate a railroad track. That right can be created only by conforming to the requirements of the latter part of section 18 of article 3 of the constitution. The legislature found at the time of the passage of the law of 1886 the franchise to operate this railroad and to lay down a railroad track upon Owasco street in full existence. It found also existing within the same city another franchise to operate railroad tracks upon other streets. These two franchises were complete and perfect and beyond the power of the legislature to destroy. People v. O'Brien, 111 N. Y. 2, 18 N. E. 692. It was expedient, apparently, that the operation of these franchises should be put under one single head. That might be done by authorizing one of the railroads to become the owner of both franchises, or by permitting one corporation to merge in the other, or by making one corporation out of the two. Whichever way it was done, it would not operate to bring into existence a new right to lay down and operate a railroad track, but would be only a manner of regulating the exercise of the rights already existing.

The case is clearly, I think, within the following cases: In re New York El. R. Co., 70 N. Y. 327; In re Gilbert El. R. Co., Id. 361; In re New York Cable Ry. Co., 109 N. Y. 32, 15 N. E. 882. For these reasons, I think that chapter 163 of the Laws of 1886 was not unconstitutional. It follows that the Auburn City Railway Company is legally organized, and that it alone is responsible for the negligence of its employés. The necessary result of that conclusion is that this complaint does not state a cause of action against the defendants. Judgment for defendants.